UNITED STTE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X    Case No. 18-cv-4386-ILG-RER

MISS JONES LLC,

                              Plaintiff,    MEMORANDUM OF LAW
                                                 IN SUPPORT OF ORDER TO

MING KANG LOW, CITIBANK (SOUTH    SHOW CAUSE TO VACATE
DAKOTA) N.A. and NEW YORK CITY    JUDGMENT OF FORECLOSURE
ENVIRONMENTAL CONTROL BOARD,    AND SALE AND DEFENDANT
                                                 MING KANG LOW'S DEFAULT

                                Defendants
-----------------------------------------------------------X

      Chi-Yuan Hwang, an attorney admitted to the practice of law in the State of New York, under the penalty of perjury, in support of the order to show cause to Vacate Judgment of Foreclosure and Sale and the Defendant, Ming Kang Low's default affirms the following:

1. He is the attorney of the defendant, Ming Kang Low (hereinafter "Low") and as such am familiar with the facts and circumstances of this matter.

2. On or about August 2, 2018 the plaintiff Miss Jones LLC filed this action against the Low to foreclosure a mortgage described below, alleging the following:

    A. Low borrowed the sum of $89,000.00;

    B. On November 15, 2005 Lowed signed and delivered mortgage on 94 East 31st Street, Brooklyn, New York 11226 (hereinafter the "Foreclosed Property") in favor of the plaintiff's predecessor in interest, Accredited Home Lender Inc. (the "Mortgage ");

    C. The mortgage was assigned to Trinity Financial Services LLC.

    D. Trinity Financial Services, LLC assigned the further assigned the mortgage to Gemstone Capital, Inc. and Gemstone Capital Inc. then assigned the mortgage to the plaintiff; and

    E. Low failed to pay monthly mortgage payment on June 1, 2006.

Attached as **Exhibit "A"** is a copy of the **Verified Complaint** (Page 1 to 63) **and Summons** (Pages 64 to 66).

### A. The Plaintiff Failed to Serve the Summons and Complaint in Accordance with CPLR

3. The Plaintiff served a copy of the Verified Complaint and Summons (the "Verified Complaint (Pages 1-63) and Summons (Pages 64 - 66")  on Low at 3048 84th Street, East Elmhurst, New York  11370, attached as **Exhibit "B"** is a copy of the **Affidavit of Service**.

4. As a matter of fact Low did not reside at 3048 84th Street, East Elmhurst, New York 11370 in 2018, attached as **Exhibit "C"** is a copy of the first page of Low's **personal income tax return** which shows that his residence was 3025 84th Street, East Elmhurst, New York 11370.

5. Low never received a copy of the Verified Complaint and Summons.

6. By the Plaintiff's failure to serve Low at a place which is not Low's dwelling or place of abode, this court does not have personal jurisdiction over this matter.

> Rule 4(e) of the Rules of Federal Rules of Civil Procedures sets the requirements for substitute service of process.   The exact words of the provisions are cited below:
>
> **Serving an Individual Within a Judicial District of the United States.**
> --- an individual...may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's **dwelling house** or **usual place of abode** with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. **[emphases added]**

(3) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

7. New York State CPLR 308 – 2 mandates that a substitute service of process in the State of New York must be done at a dwelling place or an usual place of abode. The exact words are as follows:

> Personal service upon a natural person shall be made by any of the following methods:
> ....
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, **dwelling place** or **usual place of abode** of the person to be served. [**emphases added**]

8. However without knowing the defects in personal jurisdiction this court relied on the fact that the service of process on Low's place of residence and was proper and entered a default judgment of foreclosure on May 1, 2019, attached as **Exhibit "D"** is a copy of the **Judgment of Foreclosure and Sale**.

9. The sale went on July 18, 2019, attached as **Exhibit "E"** is a copy of the **Report of Sale.**

10. The Plaintiff states in paragraph 18 of its verified complaint (Page 4), Low failed to make payments on June 1, 2006.

## B. STATUTE OF LIMITATION BARS THIS FORECLOSURE ACTION OR AT LEAST TOLLS THE INTEREST ACCRUED AFTER 6 YEARS FROM ITS DATE OF ACCRUAL

11. In paragraph 19 of this verified complaint (Page 4), it stated that the Plaintiff issued a default Notice to cure on March 22, 2018 which is 11 years and 9 months after Low's default.

12. Since the laws concerning foreclosure are New York State laws, the statute of limitation for mortgage foreclosure is governed by CPLR 213.

13. New York State CPLR 213 mandates that a foreclosure action must be commenced withing 6 years after the default of the debtor, when the lender could enforce its rights to collect the mortgage. The exact words are cited as follows:

> 213. Actions to be commenced within six years: ... on bond, note or mortgage upon real property....

14. Even if the plaintiff could start a foreclosure action after 6 years from the date the borrower defaulted, the plaintiff had no right to collect the interest accrued after 6 years after its accrual.

15. Had Low known about the existence of this action, he would file an answer listing Statute of Limitation as one of the defenses and this action should have been dismissed.

16. Rule 60 (b) (1), (4) and (6) of the Rules of Federal Rules of Civil Procedure provide three grounds for Low to vacate the Judgment of Foreclosure and Sale and the defendant, Ming Kang Low's default.

> Rule 60 – Relief from a Judgment or Order
>
> (b) Grounds for Relief from a Final Judgment, Order. On motion and just terms the court may relieve a part or its legal representative from a final Judgment, order , or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

...

(4) the judgment is void;

...

(6) any other reason that justifies relief.

17. Because of the failure of the Plaintiff to comply with the requirements for substituted service of process under Rule 4(e)(2), Low did not receive a copy of the Verified Complaint and Summons. His failure to file an answer is caused at least by an excusable neglect.

18. Because of the failure of the plaintiff to comply with New York State CPLR 308 and/or Rule 4 (e)(2), the service of process is invalid and this court does not have the personal jurisdiction on this matter. As a result, the Judgment of Foreclosure and Sale is void and the Defendant, Ming Kan Low's default should be vacated.

19. The corresponding provision of the New York State laws to Rule 60 (b) (1) (4) and (6) is New York CPLR 5015 (a) (1) and (4).

> **CPLR 5015 (a) On motion.** The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
>
> 1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or if the moving party has entered the judgment or order, within one year after such entry; or
>
> ....
>
> 4. lack of jurisdiction to render the judgment or order;

Either provision gives the Defendant grounds to vacate the judgment of Foreclosure and Sale and vacate the Defendant's default.

The following cases are directly in support of my arguments that the Judgment of Foreclosure and Sale be vacated and the default of the defendant,

Ming Kang Low be vacated:

> Goldstein Affiliates, Inc. v. Len Art Knitting Corp. (1 Dept. 1980) 75 A.D.2d 551, 427 N.Y.s.2d 494 which states:
>
>> Disposition of controversies on merits is favored and, in further upon proper showing of meritorious defense, excusable neglect and absence of willfulness

Adams v. Adams (2 Dep. 1998) 255 A.D. 2d 535, 680 N.Y.s.2d 663 which states:

> Provision authorizing court to vacate judgment, on ground that it was entered without jurisdiction, is designed to preserve objections so fundamental to court's power of adjudication that they survive even a final judgment or order.

Glass v. Janbach Properties, Inc. (2 Dept. 1980) 73 A.D. 2d 106, 425 N.Y.S.2d 343 which states:

> In light of the strong policy favoring resolution of disputes on their merits, and the proffering by defendant of a meritorious defense and a reasonable excuse for its default, it was error to deny defendant's motion to vacate default judgment.

Weinstock v. Citibank, N.A. (2 Dep. 2001) 289 A.D. 2d 326, 734 N.Y.S.2d 210 like this instant action involves a judgment of foreclosure and sale entered by default and is right on point:

> Supreme Court lacked jurisdiction over action in which judgment debtor against whom bank had previously obtained default judgment in foreclosure action sough to recover for fraud, on basis default judgment was procured as a result of improper service of process; proper remedy for any lack of personal jurisdiction in prior action was through motion to vacate default judgment in that action.

## C. THE PLAINTIFF'S COMPLAINT IS FATALLY DEFECTIVE BECASE IT FAILED TO CONTAIN THE LANGUAGES REQUIRED UNDER RPAPL 1302 AND RPAPL 1304

20. RPAPL 1302 states:

1. Any complaint served in a proceeding initiated pursuant to this article relating to a high-cost home loan or a subprime home loan, as such terms are defined in section **six -*l* and six-m of the banking law**, respectively, must contain an affirmative allegation that at the time the proceeding is commenced, the plaintiff: *[emphasis added]*

(b) has complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, Section **six –*l* or six-m of the banking law**, and section thirteen hundred four of this article.*[emphasis added]*

2. **It shall be a defense** to an action to foreclose a mortgage for a high-cost home loan or subprime home loan that the terms of the home loan or the actions of the lender violate any provision of **six -*l* or six-m** of the banking law or section thirteen hundred four of this article.

21. Banking Law Section six-m defines Subprime Loan as follows:

1. Definitions. The following definitions apply for the purposes of this section:

...

...(c) "Subprime home loan" means a home loan in which the **initial interest rate** or the fully-indexed rate, whichever is higher, exceeds by more than one and three-quarters percentage points for a first-lien loan, or by more than **three and three-quarters percentage points for a subordinate-lien loan**, the average commitment rate for loans in the northeast region with a comparable duration to the duration of such home loan, as published by the Federal Home Loan Mortgage Corporation (herein "Freddie Mac") in its weekly Primary Mortgage Market Survey (PMMS) posted in the week prior to the week in which the lender provides the "good faith estimate" required under 12 USC § 2601 et seq. *[emphasis added]*

22. The interest rate of this mortgage is 9.9%. The PMMS posted in August 2007 was 6.23%. Three and three-quarters percent over 6.23% is 9.98%. The mortgage is dated November 15, 2005. The PMMS posted in October 2005 and November 2005 was 5.63% and 5.86%. Three and three quarters over these two rates are 9.38% and 9.61%. Definitely the mortgage is a Sub-prime Loan defined in Banking Law Section 6-m.

23. Paragraph 20 of the Plaintiff's complaint alleges:

> Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and **Section 6-1 of the Banking Law** and RPAPL Section 1304 [**emphasis added**]

24. The plaintiff's complaint failed to allege that it complied with Section **six-*l* (Not 6-1)** or **six-m** of the Banking Law while this mortgage is a Banking Law 6-m Subprime Loan. in Banking Law. The plaintiff should have identified this loan as a subprime loan and allege that it complied with Banking Law Section 6-m. It failed to do it as required. **Banking Law Section six – *l* concerns only high-cost loan. The plaintiff's allegation concerning the compliance with Section six -1 of the Banking Law is incorrect.** The instant mortgage is a sub-prime mortgage which is defined in Section Six – m of the Banking Law. The plaintiff **needs to allege that it complied with Section six-m** of the Banking Law. It failed to do so. As a result the plaintiff's complaint is fatally defective and the judgment of foreclosure must be vacated.

25. Surely the plaintiff failed to comply with the sub-paragraph 1(b) of RPAPL 1302,

26. The severity of the penalties that may be imposed on a lender for violating the Banking Law's predatory lending provisions were clearly enunciated in LaSalle Bank, N.A. v. Shearon, 2008, 19 Misc.3d 433, 850 N.Y.S.2d 871, where

8

upon a finding of intentional violation of Banking Law Section 6-*l*, the Supreme Court, Richmond County, denied the lender's summary judgment motion in its foreclosure action, held the mortgage void, barred the lender from collecting, receiving or retaining any principal, interest, or other charges with respect to the loan, and entitled the borrower to collect actual damages, including consequential and incidental damages, statutory, damages, including forefeiting of al interest, points, fees and closing costs, and all amounts paid, and twice the amount of points and fees and closing costs, as well as attorney's fees.

### D. THE PLAINTIFF FAILED TO COMPLY WITH RPAPL 1304

27. RPAPL 1304 mandate that:

> ...with regard to a... subprime home loan... at least 90 days before a lender or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, the lender or mortgage loan servicer shall give notice to the borrower(s) at the property address **and any other address of record** in at least fourteen-point type which shall include the following... [emphasis added]

It is clear that under the law the notice should be sent to 1. the property address and 2. **Any other address of record.**

28. In the mortgage which is attached to the plaintiff's complaint as Exhibit A (Page 1 of the Complaint), the residence of the defendant was "137-02 Northern Boulevard 3A, Flushing, New York 11354" (See Page 12 of the Complaint, first paragraph, subparagraph (B)). Under RPAPL 1304 the plaintiff is required to serve the notice at that address too. However the plaintiff failed to do so (See Exhibit E (Page 44 ) of the plaintiff's complaint).

29. In addition In the first paragraph of the 90-day notice required by RPAPL 1304 the plaintiff sent to the defendant (Page 45 of the complaint), the plaintiff missed two critical sentences required by RPAPL 1304:

**There may be options available to you to keep your home. This may Include applying for a loan modification of your mortgage, or reinstating your loan by make the payment.**

30. In H & R Block Bank v. Liles (2 Dept. 2020) 186 A.D.3d 813, 130 N.Y.S. 3d 521, the lower court granted the mortgagee's motion for summary judgment, the appellate Division, Second Department held that the mortgagee failed to provide mortgagor with required prior notice before bringing a mortgage foreclosure action, although mortgagee's document execution specialist stated in her affidavit that the notice were went to mortgagor at his **last known address** and the Foreclosed Property, where document execution specialist did not have personal knowledge of the mailing, mortgage failed to provide any document indicating that the notice were sent by registered or certified mail as required by prior notice statute. The court decided that the Mortgage failed to comply with RPAPL 1304 and failed to meet the condition precedent for a summary judgment. As a result the Appellate Division decided that the lower court should have denied those branches of H & R Block's motion which was for summary judgment.

The court stated:

> …compliance with RPAPL 1304 was a component of its prima facie burden on its motion for summary judgment…
>
> …
>
> Thus, this Court has repeatedly held that "[p]roper service of RPAPL 1304 notice containing the statutorily mandated content is a **condition precedent** to the commencement of a foreclosure action pertaining to the loan specified there-under…

In Emigrant Mortg. Co., Inc. v. Fitzpatrick, 2020, 29 Misc 3d, 746; 906 N.Y.S.2d, 874 the court held that in order to demonstrate entitlement to summary judgment, a plaintiff seeking to foreclose a high-cost or subprime home loan must submit evidence of its compliance with the statutes providing protection for the borrower of such loans, McKinney's Banking Law subsection six-*l*, six-m, 595-a; McKinney's RPAPL Sections 1302, 1302; McKinney's CPLR 3212

31. In this matter, the plaintiff failed to identify the loan as either "high-cost loan or "sub-prime" loan, the court held that the Mortgagee **failed to demonstrate** through proof from someone with knowledge that mortgagee complied with disclosure and other home owner-protection requirements, **as required to establish prima facie entitlement to judgment** as a matter of law in action to foreclose alleged high-cost or subprime home loan; nowhere in attorney's affirmation of regularity or the affidavit of mortgagee's assistant treasurer was there any mention of the subject loan's exact loan type as either a high-cost home loan or a subprime home loan…

32. In Emigrant Mortg. Co., Inc. v. Fitzpatrick, the court also stated:

> In order to demonstrate entitlement to summary judgment, a plaintiff seeking to foreclosure a high-cost or subprime home loan must submit evidence of its compliance with the statutes providing protection for the borrowers of such loans.

33. In Kearney v. Kearney, 2013, 42 Misc.3d 360, 979 N.Y.S.2d 226 the court stated:

> Failure to send a mortgagor the statutory notices of foreclosure avoidance remedies permits, if not required, dismissal of the foreclosure action.

34. To plead that the plaintiff complied with the condition precedent (RPAPL 1304) is a statutory condition precedent State v. Henry T. 54 Misc.3d, 609, 42 N.Y.S.3d 744.

35. Plaintiff clearly failed to comply with RPAPL 1304 and did not present a prima facie case and did not deserve a summary judgment.

36. However based on the plaintiff's alleged default of the defendant this court entered a judgment of default of foreclosure.

Based on the judgment of foreclosure the Foreclosed Property was sold in a foreclosure auction.

37. The Foreclosed Property was not sold at the auction and the plaintiff took back the Foreclosed Property.

38. For $100 Miss Jones LLC assigned its right of and interest in the Foreclosed Property to 91Street Brooklyn LLC, attached as **Exhibit "F"** is a copy of the **recorded deed**.

39. This is the first time Low makes an Order to Show Cause to vacate the Judgment of Foreclosure and Sale and the Defendant's default. Low has not made this kind of order to show cause before.

40. Before I submit this Order to Show Cause, I sent a copy of this Order to Show Cause with all the affidavits to 91Street Brooklyn LLC at 1688 Meridian Avenue, 7th Floor, Miami Beach, FL 33139-2708 and Alan H Weinreb, Esq. which is the attorney for the plaintiff at 165 Eileen Way Suite 101, Syosset, NY 11791-5324, attached as Exhibit "G" are copies of the letters I sent to them

WHEREFORE, the defendant, Ming Kang Low, by his attorney Chi-Yuan Hwang respectfully demands that the Judgment of Foreclosure and Sale be vacated, the sale of the Premises be voided and the defendant, Ming Kang Low's default be vacated.

Dated: August 16, 2022

_____
Chi-Yuan Hwang, Esq.
Attorney for Defendant, Ming Kang Low
39-01 Main Street, Suite 510
Flushing, New York  11354
(917) 709-6640