UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MISS JONES, LLC,

                      Plaintiff,

        - against -

MING KANG LOW, *et al.*,

                      Defendants.
-------------------------------------------------------------x

MEMORANDUM AND ORDER
18-CV-4386

**GLASSER**, Senior United States District Judge:

      Before the Court was an order to show cause why, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a May 2019 default judgment to foreclose a mortgage, ECF No. 15, which proceeded to a sale of the mortgaged property three years ago, ECF No. 16, should not be vacated. *See* ECF No. 21. That anemic introductory statement obscures the fact that its movant, the defendant Ming Kang Low ("Defendant"), had not made a mortgage payment for thirteen years prior to the entry of default judgment but nonetheless believes he is entitled to relief. *See* Def.'s Mem. Supp. Order to Show Cause ("Def.'s Mem."), ECF No. 19. In 2005, Defendant obtained a loan of $89,000 secured by a mortgage on 94 East 31st Street, Brooklyn. ECF No. 1-1 at 5–15. The mortgage required monthly payments, which Defendant stopped making in June 2006.

      The order to show cause was issued on August 18, 2022, and the Court directed a hearing to be held on September 13, 2022. ECF No. 21. A brief in opposition was filed on September 2, 2022. Pl.'s Mem. Opp'n Mot. Vacate J. ("Pl.'s Mem."), ECF No. 23. The case was called and Defendant promptly applied for an adjournment because, he said, he had not seen the brief in opposition, which had been filed eleven days earlier. His application was denied as untimely. *See* Indv. R. I.E. of Hon. I. Leo Glasser ("[A request] for an adjournment of a court appearance, absent an emergency, . . . shall be made at least 48 hours prior to the scheduled appearance."). Defendant was then invited to present his claim for relief. It was obvious that he was not prepared, beyond

acknowledging that sixteen years has now passed since the last mortgage payment was made and that his claim for relief is based on the assertion that he had no notice of the action to foreclose the mortgage and that, therefore, the Court had lacked jurisdiction to grant the default judgment. The requested order to vacate the default judgment is denied for the reasons that follow.

## BACKGROUND

In 2017, Defendant's mortgage was assigned to the plaintiff, Miss Jones, LLC ("Plaintiff"). ECF No. 1-1 at 35–36. In March 2018, Plaintiff sent two notices to Defendant by certified mail at 94 East 31st Street. Both the mortgage (paragraph 15) and note (paragraph 7) provided that "any notice that must be given to [Defendant] under this [instrument] will be given by . . . mailing it" to that address, unless Defendant directed otherwise. *Id.* at 8, 18. He never directed otherwise. The first notice sent was a 90-day notice of default required by § 1304(1) of New York's Real Property Actions and Proceedings Law ("RPAPL"). *Id.* at 38–42. The second was a 30-day notice of default required by paragraph 6(C) of the note. *Id.* at 18.

On August 2, 2018, Plaintiff initiated its foreclosure action. ECF No. 1. Service of process was attempted on Defendant at 94 East 31st Street, but the process server found the premises to be vacant. *See* Aff. of Rosemary LaManna ("LaManna Aff.") ¶ 6, ECF No. 23-6.[1] Process server James Mandry then conducted a "skip trace" search for Defendant, which suggested several possible addresses for him, among them 3048 84th Street, East Elmhurst. *Id.* at Ex. 1. A search was also made of Department of Motor Vehicles ("DMV") records, which also reflected Defendant's home address as being 3048 84th Street. *Id.* at Ex. 2.

On September 20, 2018, Mandry hand-delivered the summons and complaint to a woman at 3048 84th Street who called herself "Miss Low," self-identified as Defendant's relative, and

---

[1] The Court presumes that LaManna misstates the date of this attempted service in 2018 as August 9, *2019*.

2

said that Defendant lived there but was not home. *See id.* at Ex. 3; LaManna Aff. ¶ 10. Mandry also mailed the summons and complaint to Defendant at 3048 84th Street. LaManna Aff. Ex. 3.

In March 2019, an entry of default was made, Defendant having not appeared or otherwise responded to the summons and complaint. ECF No. 13. In May 2019, the Court granted Plaintiff's motion for a default judgment. ECF No. 15.

In June 2019, Plaintiff mailed to Defendant at 94 East 31st Street and 3048 84th Street a notice of the impending sale. ECF No. 16-1. The notice was also published in the Brooklyn Daily Eagle four times between June 17 and July 8. Def.'s Mem. Ex. 5, at 15–17, ECF No. 19-5. At a public auction on July 18, 2019, Plaintiff purchased 94 East 31st Street for $100. ECF No. 17.

In March 2020, more than two years before Defendant actually moved for an order to show cause why the default judgment should not be vacated, he notified Plaintiff that he would file that motion unless Plaintiff agreed to vacate the default judgment within five days, a notification that had a decidedly threatening ring to it. Decl. of Shauna DeLuca Ex. K, at 1, ECF No. 23-12; *see also* Pl.'s Mem. 13. Two years later, having now actually filed that motion for an order to show cause, Defendant bases his claim for relief on four grounds: (i) the Court lacked jurisdiction to issue the default judgment due to failed service of process; (ii) the statute of limitations barred the foreclosure action; (iii) Plaintiff's complaint did not meet the pleading requirements of RPAPL § 1302; and (iv) Plaintiff failed to provide Defendant with proper notice under RPAPL § 1304 of its intention to initiate foreclosure proceedings. Def.'s Mem. 2–12.

## DISCUSSION

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment" for the reasons enumerated in its six subsections. Fed. R. Civ. P. 60(b). Defendant argues that subsections (1), (4), and (6) of Rule 60(b) each warrant such relief here. Def.'s Mem. 4–5.

3

Laches is one reason among others which would drive the Court to conclude that Defendant's request for an order vacating the default judgment should be, and is, hereby denied. Defendant did not deign to appear before the Court until some sixteen years after making his last mortgage payment, four years after service of process in the mortgage foreclosure action, and two years after sending a letter to Plaintiff threatening to move the Court to vacate the default judgment.

Defendant's only argument for vacatur that warrants more than cursory discussion is that the Court lacked jurisdiction to issue the default judgment.  His three other arguments are defenses to the underlying foreclosure action, not arguments for vacatur.  The Court notes that, in any event, those three defenses to foreclosure have no obvious merit.

If a court lacked jurisdiction to issue a judgment, then the "judgment is void." Fed. R. Civ. P. 60(b)(4).  "[I]mproper service on a party deprives the Court of personal jurisdiction over said party." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).  In New York, a "defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).

A hearing has been held, the parties appeared as required by the order to show cause, and the Court holds that there is no basis for finding that service was not made.  Defendant appeared at the hearing via counsel.  There is Defendant's notarized statement, which neither represents that the facts stated are true nor that it was made under penalty of perjury, but is simply an *ipse dixit* denial of service.  *See* ECF No. 20.

Service is proper if it "follow[s] state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  In New York, service is properly made

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode

4

>of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence . . . .

N.Y. C.P.L.R. § 308(2). Service is valid even if a defendant does not, in fact, receive a summons that was properly served. *Bossuk v. Steinberg*, 58 N.Y.2d 916, 918 (1983). Independent of state law, the Federal Rules permit service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).

Here, the process server delivered the summons and complaint at 3048 84th Street to, it is uncontested, a person "of suitable age and discretion." All evidence—the skip trace search, the DMV search, and Miss Low's statements—established that 3048 84th Street was Defendant's "dwelling place or usual place of abode" at the time of service. The process server also mailed the summons and complaint to Defendant at 3048 84th Street as his "last known residence"; plainly he no longer resided at the vacant 94 East 31st Street and mailing any notice there would have been futile. Thus, service was proper.

Plaintiff's only evidence that he lived at 3025 rather than 3048 84th Street is the front page of his purported 2018 income-tax return, which lists 3025 84th Street as his home address. Def.'s Mem. Ex. C, ECF No. 19-3. However, there is no indication that this return was ever filed. In any event, the return would have been filed no earlier than 2019, thus it does not speak to his 2018 address. His stark omission of his New York driver's license, which states his residence to be 3048 84th Street, would invite an adverse inference.

Finally, no grounds exist to vacate the default judgment under Rule 60(b)(1) or (6). A Rule 60(b)(1) motion "must be made . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Here, judgment was entered over three years ago. Rule 60(b)(6) is inapplicable because a claim of failed service falls exclusively under Rule 60(b)(4). *See Trs. of Loc. 531 Pension Fund v. Am. Indus. Gases, Inc.*, 708 F. Supp. 2d 272, 277 (E.D.N.Y. 2010).

5

## **CONCLUSION**

The Court is driven to conclude that no cause exists under Rule 60(b) to vacate the default judgment. ECF No. 15. Virtually no evidence was adduced to support it. Defendant saw no need to appear when the case was called, which was scheduled nearly a month before. A request for an adjournment was immediately made for the reason that Plaintiff's opposition was claimed not to have been received. Defendant had prepared his order to show cause nearly two years ago, presumptively because he had the basis for filing it then and the evidence to support it. His request for an adjournment was specious. The Court recently had cause to lament the number of obviously futile motions to which courts must devote attention, filed by parties who are either oblivious to Rule 11(b) or disdainful of it. *See Trs. of Loc. 7 Tile Indus. Welfare Fund v. Kimo Tile @ Marble, Ltd. Liab. Co.*, No. 18-CV-3344, 2022 WL 2540077, at *8 (E.D.N.Y. July 7, 2022).

SO ORDERED.

Dated: Brooklyn, New York
September 19, 2022

/s/
I. Leo Glasser
Senior United States District Judge